UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUZANNE SMEDT, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant. | Case No.: 5:12-CV-03029 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: Docket No. 29] |

Plaintiff Suzanne Smedt ("Plaintiff") filed this putative class action against Defendant, The Hain Celestial Group, Inc. ("Defendant"). Plaintiff alleges that the labeling on several of Defendant's food and beverage products as well as websites related to Defendant's products contain statements amounting to misbranding and deception in violation of California and federal laws and regulations. Presently before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. See Docket Item No. 29. Having fully reviewed the parties' papers, the Court will grant Defendant's motion.

**I.  Background**

Plaintiff, a resident of Los Gatos, California, alleges that since 2008 (the four years relative to the alleged class period) she purchased an indeterminate quantity of the following of Defendant's products: Coconut Dream Coconut Drink, Terra Stripes & Blues Sea Salt Potato

1

Case No.: 5:12-CV-03029 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Chips, Terra Exotic Vegetable Mediterranean Chips, and Sensible Portions Sea Salt Garden Veggie Straws. Am. Compl. ¶ 118, Docket Item No. 25. The Amended Complaint also contains several statements that assert or imply that Plaintiff has also purchased what she refers to as "Misbranded Food Products." See, e.g., id. § E (entitled "Plaintiff Purchased Defendant's Misbranded Food Products"); id. ¶ 31. Plaintiff defines the term "Misbranded Food Products" in the opening of the Amended Complaint in the following way:

> In order to remedy the harm arising from Defendant's illegal conduct, which has resulted in unjust profits, Plaintiff brings this action on behalf of a national class, and alternatively, a California sub-class, of consumers who, within the last four years, purchased Defendant's products: (1) labeled with the ingredient "Evaporated Cane Juice" or "Organic Evaporated Cane Sugar Juice;" (2) labeled "All Natural" and/or "Only Natural" but which contain artificial ingredients, flavorings, added coloring, and/or chemical preservatives; and/or (3) labeled with a "No Trans Fat" or other nutrient content claim but which contain fat, saturated fat, sodium or cholesterol in excess of the disqualifying amounts stated in 21 C.F. R. § 101.13(h); (collectively products in categories 1, 2, and 3 are referred to herein as "Misbranded Food Products").

Am. Compl. at 1–2 (footnote omitted).

Plaintiff argues that several statements on the packages and websites of these and other products were false, misleading, or otherwise unlawful. Plaintiff alleges that Defendant did not comply with state and federal regulations when making the following types of representations about its products: (a) nutrient content claims, including "no trans fat" claims; (b) the amounts of (c) nutritional value claims; (d) "all natural," "only natural," "enriched," "healthy," "excellent source of" claims and the use of these and similar terms; (e) failure to disclose the presence of artificial colors, and artificial flavors; and (f) the confusing use of the terms "Evaporated Cane Juice" and "Organic Evaporated Cane Sugar Juice." See id. § C (entitled "Defendant's Food Products Are Misbranded").

The Amended Complaint also states that Plaintiff read the labels on Defendant's Misbranded Food Products as well as Defendant's website containing information about the Misbranded Food Products. Id. ¶ 119. Plaintiff avers that she relied on the statements located on the labeling and the websites when making her decision to purchase the products:

> Plaintiff reasonably relied on Defendant's package labeling and website claims including (1) the "No Trans Fat" nutrient content claims and the nutrient content claims that the products were "enriched" with, contained "more" or were "good" or "excellent" sources of vitamins or minerals; (2) the "All Natural" and/or "Only Natural" label claims and (3) the ingredients list referencing "evaporated cane juice" and "organic evaporated cane sugar juice" and based and justified the decision to purchase Defendant's products in substantial part on Defendant's package labeling and website claims.

Id. ¶ 120. She also asserts that she did not know, nor could she reasonably have known, that Defendant's products were mislabeled, and that she would not have purchased these products "absent the unlawful claims." Id. ¶¶ 120–23

On October 1, 2012, Plaintiff filed the Amended Class Action Complaint (otherwise referred to herein as the "Amended Complaint") on behalf of herself and a putative class she defines as follows:

> All persons in the United States, and alternatively in a sub-class of consumers in California who, within the last four years, purchased Defendant's products: (1) labeled with the ingredient "Evaporated Cane Juice" or "Organic Evaporated Cane Sugar Juice;" (2) labeled "All Natural" and/or "Only Natural" but which contain artificial ingredients, flavorings, added coloring, and/or chemical preservatives; and/or (3) labeled with a "No Trans Fat" or other nutrient content claim but which contain fat, saturated fat, sodium or cholesterol in excess of the disqualifying amounts stated in 21 C.F.R. § 101.13(h) (the "Class").

Id. ¶ 127 (footnotes omitted). In the Amended Complaint, Plaintiff brings forth the following causes of action: violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (counts 1–3); violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq. (counts 4–5); violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq. (count 6); restitution based on unjust enrichment or quasi-contract (count 7); and breach of warranty in violation of the Song–Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq. (count 8) and the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et seq. (count 9).

California's Sherman Food, Drug, and Cosmetic Laws adopt the federal labeling requirements as the food labeling requirements of the state of California. See Cal. Health & Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations adopted

3
Case No.: 5:12-CV-03029 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state."). The state laws also point to the adoption of specific federal provisions as the parallel state labeling requirements. See, e.g., id. § 110665 ("Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in Section 403(q) (21 U.S.C. § 343(q)) of the federal act and the regulations adopted pursuant thereto. Any food exempted from those requirements under the federal act shall also be exempt under this section."). As such, Plaintiff argues that violations of the federal laws and regulations—namely the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq. as amended by the Nutrition Labeling and Education Act ("NLEA")—would amount to violations of the identical California state requirements.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1998). "[M]aterial which is properly submitted as part of the complaint may be considered."

4

Case No.: 5:12-CV-03029 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### III. Discussion

#### A. Warranty Claims

Defendant moves to dismiss Plaintiff's breach of warranty claims brought under the Song-Beverly Consumer Warranty Act ("SBCWA"), Cal. Civ. Code § 1790 et seq. (count 8), and the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq. (count 9).

The SBCWA provides a private right of action for buyers of consumer goods for express or implied warranty violations. Cal. Civ. Code § 1794. The SBCWA defines "consumer goods" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for … consumables," id. § 1791(a) (emphasis added), and defines "consumables" as "any product that is intended for consumption by individuals, or use by

5

Case No.: 5:12-CV-03029 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

individuals for purposes of personal care or in the performance of services ordinarily rendered within the household, and that usually is consumed or expended in the course of consumption or use." Id. § 1791(d). The Court finds that the products at issue here—apparent food products—fall under this definition of "consumables."

Plaintiff does not dispute that the products at issue here are consumables under the SBCWA and would thus be excepted from section 1794. See Am. Compl. ¶ 202 ("Defendant's food products are 'consumables' as defined by Cal. Civ. Code § 1791(d).") Rather, Plaintiff appears to argue that the product labels constitute express warranties and that the products in question fall under the provisions of sections 1793.35, which provides for the enforcement of express warranties on consumables. Pl.'s Opp'n to Def.'s Mot. to Dismiss 24–25. The Court rejects this argument because food labels, like the ones at issue here, do not constitute express warranties against a product defect. See Astiana v. Dreyer's Grand Ice Cream, Inc., No. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, at *3 (N.D. Cal. July 20, 2012); Jones v. ConAgra Foods, Inc., -- F. Supp. 2d --, No. C 12-01633 CRB, 2012 WL 6569393, at *12–13 (N.D. Cal. Dec. 17, 2012). Labels on product packaging and websites are "product descriptions rather than promises that [a food product] is defect-free, or guarantees of specific performance levels." Hairston v. S. Beach Beverage Co., No. CV 12-1429-JFW, 2012 WL 1893818, at *6 (C.D. Cal. May 18, 2012) (internal quotation marks omitted). Accordingly, the Court finds that Plaintiff fails to state a claim for a violation of the SBCWA.

The MMWA creates a civil cause of action for consumers to enforce the terms of written warranties. 15 U.S.C. § 2310(d). Similar to Plaintiff's argument for the applicability of the SBCWA, she contends that the labeling on the products at issue constitutes an express warranty. Having found to the contrary under the guidance of Astiana and ConAgra Foods, the Court rejects this argument and finds that Plaintiff fails to state a claim for a violation of the MMWA.

Accordingly, the Court dismisses Plaintiff's claims based on violations of the SBCWA and the MMWA (counts 8 and 9).

**B. Sufficiency of the Pleadings**

The Court now turns to whether the remaining claims are sufficient to withstand Defendant's motion in light of the pleading standards set forth in the Federal Rules of Civil Procedure. The Court first notes that the heightened Rule 9 pleading standard applies to claims of false or deceptive advertising brought pursuant to the UCL, FAL, or CLRA. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); see also Herrington v. Johnson & Johnson Consumer Cos., Inc., No. C 09–1597 CW, 2010 WL 3448531, at *7 (N.D. Cal. Sept. 1, 2010) (subjecting UCL, FAL, and CLRA claims which "sound in fraud" to the heightened Rule 9 pleading standards). Because the remaining claims involve allegations of fraudulent conduct, deception, or misrepresentation, the Rule 9 pleading standard applies. See ConAgra Foods, 2012 WL 6569393, at *10 (applying the heightened Rule 9 pleading standard to the complaint in a similar suit); accord Colucci v. ZonePerfect Nutrition Co., No. 12–2907–SC, 2012 WL 6737800, at *8–9 (N.D. Cal. Dec. 28, 2012). As such, Plaintiff must aver with particularity the specific circumstances surrounding the alleged mislabeling, which give rise to her claims. She must state with clarity the "who, what, when, where, and how" of the fraudulent conduct, Vess, 317 F.3d at 1106, and provide an unambiguous account of the "time, place, and specific content of the false representations," Swartz, 476 F.3d at 764.

Applying the Rule 9 pleading standard, the Court finds that the Amended Complaint does not provide a clear and particular account of the allegedly fraudulent, deceptive, misrepresentative, or otherwise unlawful statements, and therefore cannot sustain an action for these claims. The Amended Complaint fails to unambiguously specify the particular products that have violated particular labeling requirements, the allegedly unlawful representations that were on the products, and the particular statements Plaintiff allegedly relied on when making her purchases. The Amended Complaint contains the same deficiencies as did the pleadings in similar food product labeling lawsuits that were recently dismissed by this Court. See Maxwell v. Unilever U.S., Inc., No. 5:12-CV-01736-EJD, 2013 WL 1435232 (N.D. Cal. Apr. 9, 2013) (dismissing the fraud-related mislabeling claims for failure to meet the Rule 9 specificity and particularity standards);

Thomas v. Costco Wholesale Corp., No. 5:12-CV-02908-EJD, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) (same). Like in those cases, here, Defendant—as well as the Court—would have to draw its own inferences about the products at issue and alleged mislabeling based on the equivocal assertions contained in the Amended Complaint. Drawing such inferences about the particular misconduct that is alleged to constitute fraud, deception, or misrepresentation is something the heightened Rule 9 pleading standard seeks to avoid. See Semegen, 780 F.2d at 731.

As such, the Court finds that Plaintiff's claims have not been sufficiently pled so as to meet the heightened Rule 9 pleading standard. The Court will accordingly dismiss the remaining seven claims.

### IV. Conclusion and Order

For the foregoing reasons Defendant's Motion to Dismiss is GRANTED. Plaintiff's breach of warranty claims predicated on violations of the SBCWA (count 8) and the MMWA (count 9) are DISMISSED WITH PREJUDICE. The remaining of Plaintiff's claims (counts 1–7) are DISMISSED WITHOUT PREJUDICE.

If Plaintiff wishes to further amend her complaint, the Court orders that it be pled in compliance with the pleading standards of Rules 8 and 9 and filed within 15 days of the date of this Order.

Because the Amended Complaint is presently dismissed in its entirety, the Court declines to set a case management schedule at this time. However, the Court will address scheduling issues as raised by the parties should it become necessary.

**IT IS SO ORDERED.**

Dated: August 16, 2013

_____
EDWARD J. DAVILA
United States District Judge